IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 24 CR00037-002 MSM-PAS |
| RECOVERY CONNECTION CENTERS OF AMERICA, | |
| Defendant | |

### GOVERNMENT'S SENTENCING MEMORANDUM

Recovery Connection Centers of America, Inc. ("RCCA") was a company registered with the Rhode Island Secretary of State as a medical office with a principal place of business in Providence, Rhode Island, and multiple locations in Rhode Island and Massachusetts. Michael Brier ("Brier") was the de facto owner and Chief Operating Officer of RCCA. Brier created and obtained a Medicare provider number for RCCA by fraudulently concealing his own prior criminal convictions. He then used RCCA to carry out the millions of dollars in health care fraud. The relevant facts are set forth in greater detail in the Government's Sentencing Memorandum with respect to Michael Brier.

The United States and the defendant RCCA jointly recommend that RCCA be sentenced to 1 year of probation, restitution in the amount of $3,515,100. The parties also agree under USSG § 8C2.2(a) and § 8C3.3(a), no fine be imposed as the Court having jurisdiction over the Receivership for RCCA will allocate the defendant's remaining assets.

### STATEMENT OF RELEVANT FACTS

On or about February 5, 2018, Brier caused RCCA to be incorporated in Rhode Island by registering it with the Rhode Island Secretary of State but concealed his de facto ownership and

control of RCCA. RCCA had been enrolled in Medicare since April 16, 2018. The company was assigned provider numbers for locations in Massachusetts and Rhode Island. RCCA used its National Provider Identifier ("NPI") number and tax identification number ("TIN") to identify the business as the billing entity when submitting claims for payment. RCCA's NPI number had been assigned to RCCA since April 24, 2018, and was associated with RCCA locations in Rhode Island and Massachusetts. RCCA used its TIN to identify this business as the billing entity for the providers rendering services at RCCA.

RCCA was operating as an office-based opioid treatment program, or "OBOT," to provide treatment for opioid addiction (which does not include methadone administration). RCCA's primary location was 381 Wickenden Street, Providence, RI (the "Providence location"). It had additional locations throughout Rhode Island and Massachusetts, including an office at 7 Main Street, Suite 200, Attleboro, MA (the "Attleboro location").

On or about April 1, 2018, Brier signed a Medicare Provider Enrollment Application for RCCA, which he caused to be submitted to Medicare on or about May 1, 2018 (the "Application"). The Application falsely identified Dr. #2 as the only Authorized Official for RCCA, the signatory, and the sole owner of the company as of February 5, 2018.

RCCA, through Brier, misrepresented to Medicare that no owner, provider, or supplier had been convicted of income tax evasion in the ten years prior to the submission of the application. Had RCCA truthfully identified Brier on the Application as the Manager of RCCA and disclosed his criminal conviction as required, NGS could have denied this application based on his criminal conviction within ten years of its submission.

Since April 2018, RCCA received more than $2.4 million in payments for claims submitted to Medicare, more than $7.2 million in payments for claims submitted to MassHealth and over $6 million for claims submitted to other health care payors.

From in or about at least February 2018 through in or about August 2022, in the District of Rhode Island, and elsewhere, the Defendant RCCA, together with others knowingly and willfully conspired and agreed to execute a scheme and artifice to defraud health care benefit programs affecting interstate commerce, as defined by Title 18, United States Code, Section 24(b), that is Medicare, Rhode Island Medicaid, Point32Health (formerly Tufts Health Plan and Harvard Pilgrim Health Plan), Neighborhood Health Plan of Rhode Island, Mass Health, Blue Cross Blue Shield of Rhode Island, Blue Cross Blue Shield of Massachusetts, United Healthcare and others and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in connection with the delivery of any payment for health care benefits, items and services.

RCCA, through Brier and others, caused false and fraudulent claims to be submitted for psychotherapy and counseling services that did not occur for the length of time billed to be submitted to Medicare and Medicaid, and other insurers. RCCA, through BRIER and others, caused a fraudulent application to be submitted to Medicare which, among other things, misrepresented, made false statements about, and concealed the role that BRIER was playing in the business and failed to disclose his relevant criminal record as required.

On many occasions, RCCA, through BRIER and others, submitted false and fraudulent claims to Medicare, Medicaid and other insurers seeking and obtaining reimbursement for counseling sessions lasting on average 45 minutes, which claims totaled more hours of service in

3

one day than it is possible for the counselors to have completed in a 24-hour period, even though the facility was only providing services approximately 4-6 hours per day. These fraudulent claims resulted in more than $3.5 million in fraudulent reimbursements to RCCA.

RCCA, at the direction of Brier, instructed the RCCA counselors to see many patients very quickly and booked so many patients per hour that it was impossible for the counselors to actually provide meaningful counseling to the patients.

In its billings to Medicare and various private payors for the period of on or about January 1, 2018 to on or about February 14, 2023, RCCA fraudulently billed CPT code 90834, which is psychotherapy for 45 minutes with the patient, more than 53,000 times. Almost all therapy sessions billed were billed using CPT code 90834, indicating an average of 45 minutes and no less than 38 minutes of therapy rendered to the individual patients, despite the fact that therapy was not being provided for more than fifteen minutes.

## GUIDELINES CALCULATION

Pursuant to the plea agreement, the parties agree that the loss amount from the Count to which the defendant is pleading guilty that was reasonably foreseeable to this Defendant is more than $3,500,000.

## SENTENCING RECOMMENDATION

The government recommends that RCCA, now a defunct company be sentenced to one year of probation, restitution in the amount of $3,515,100, forfeiture in the amount of $3,515,100, as set forth in the Plea Agreement, and that no fine be imposed by this Court so that the court having jurisdiction of the Receivership for RCCA can determine the allocation of RCCA's remaining assets, including allocating any remaining assets as appropriate to restitution and forfeiture.

The United States submits that this sentence is appropriate for this company that was totally controlled by Michael Brier and is now in receivership. It will allow for efficient, equitable and appropriate allocation of the available assets without the additional burden on the Receivership of a fine.

.

                                            Respectfully submitted,

                                            ZACHARY A. CUNHA
                                            United States Attorney

By:   */s/ Sara Miron Bloom*
      SARA MIRON BLOOM
      KEVIN LOVE HUBBARD
      Assistant United States Attorneys
      Assistant United States Attorneys
      U.S. Attorney's Office
      One Financial Plaza, 17th Floor
      Providence, RI
      401-709-5015
      Sara.bloom@usdoj.gov

Date:  January 3, 2025

## Certificate of Service

I hereby certify that on this 3rd day of January, 2025, I caused this document to be filed electronically and thus to be available for viewing and downloading from the ECF system.

                                      By:   */s/ Sara Miron Bloom*
                                              SARA MIRON BLOOM
                                              Assistant United States Attorney